IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DAVID KIRKLAND,

                Plaintiff,                              CV-10-1467-ST

      v.                                                 ORDER

THE BOEING COMPANY, an Illinois
corporation,

                Defendant.

STEWART, Magistrate Judge:

      Plaintiff, David Kirkland, appearing *pro se*, filed this case in the Circuit Court of the State of Oregon for Multnomah County against defendant, The Boeing Company ("Boeing"), his former employer, alleging various claims arising from his termination of employment. After removing the case to this court, Boeing filed a Motion to Dismiss pursuant to FRCP 12(b)(6) for failure to state a claim (docket # 5).

1 - ORDER

In its motion, Boeing contends that Kirkland's employment was governed by a collective bargaining agreement ("CBA") with the International Association of Machinists & Aerospace Workers, AFL-CIO ("Union"). In support, it has submitted a Declaration of Deborah J. Sternberg (docket # 7) which attaches a copy of the CBA between Boeing and the Union in effect at the time of Kirkland's termination from employment.

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a FRCP 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles*, 250 F3d 668, 688 (9th Cir 2001). Under FRCP 12(d), if "matters outside the pleading are presented to and not excluded by the court," then the court must treat a motion to dismiss under FRCP 12(b)(6) for failure to state a claim as one for summary judgment under FRCP 56 and give the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." "A court may, however, consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F3d 903, 908 (9th Cir 2003) (citations omitted). In that event, the plaintiff "obviously is on notice of the contents of the document and the need for a chance to refute evidence is greatly diminished." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F2d 1192, 1196-97 (3rd Cir 1993).

The Complaint does not refer to or attach the CBA. It does not even allege that Kirkland was a member of the Union and instead alleges only that he was initially hired in 1985 as a Grade 3 Wire Assembler and eventually attained a position as a Grade 5 Precision Assembler & Surface Finishing Technician. Complaint, ¶¶ 3-4. The CBA appears to be authentic and to cover

Kirkland since Section 1.1(c) includes all "hourly paid production and maintenance employees"at the Portland location. Nevertheless, the CBA is not attached to the Complaint, is not referred to by or incorporated by reference in the Complaint, and is not the type of fact subject to judicial notice. Because the court must consider the CBA submitted outside the pleadings in order to resolve Boeing's motion, it must convert Boeing's motion to a motion for summary judgment and give Kirkland an opportunity to respond.

Generally, summary judgment must be granted when there is no genuine issue of material fact. As explained in this court's Findings and Recommendation, if Kirkland was covered by the CBA and failed to exhaust all grievance and arbitration procedures mandated by the CBA, then Boeing is entitled to judgment as a matter of law which will end this case. To oppose Boeing's motion, Kirkland must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, showing either that he was not covered by the CBA or, if he was covered by the CBA, he exhausted all grievance and arbitration procedures mandated by the CBA. If he fails to submit such evidence, then summary judgment may be entered against him. If summary judgment is granted, then this case will be dismissed and there will be no trial.

///

///

///

///

///

///

3 - ORDER

## **ORDER**

Boeing's Motion to Dismiss (docket # 5) is converted to a motion for summary judgment. To oppose that motion by creating a genuine issue of material fact, Kirkland must submit evidence on or before January 31, 2011, showing either that he was not covered by the CBA or that, if he was covered by the CBA, he exhausted all grievance and arbitration procedures mandated by the CBA.

DATED this 13th day of January, 2011.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge

4 - ORDER