IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DAVID KIRKLAND,

                Plaintiff,                      CV-10-1467-ST

      v.                                   FINDINGS AND
                                                  RECOMMENDATION

THE BOEING COMPANY, an Illinois
corporation,

                Defendant.

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, David Kirkland, appearing *pro se*, filed this case in the Circuit Court of the State of Oregon for Multnomah County against defendant, The Boeing Company ("Boeing"), his former employer, alleging that after suffering a medical emergency on or about December 12, 2006 and taking a leave of absence, Boeing ordered him to undergo a medical examination on

1 - FINDINGS AND RECOMMENDATION

March 13, 2009, to determine his "fitness for duty," placed him on medical leave, and then illegally terminated his employment on August 22, 2009. As a result, he alleges five claims for employment discrimination under Oregon law (Fist Claim), intentional infliction of emotional distress (Second Claim), wrongful discharge (Third Claim), breach of contract and breach of implied contract (Fourth Claim), and recovery of attorney fees (Fifth Claim).

Boeing timely removed the case to this court, stating as the ground for removal that the Complaint alleged a violation of Section 301 of the Labor Management Relations Act, 29 USC § 185 ("LMRA"), thereby vesting this court with original subject matter jurisdiction. Boeing then filed a Motion to Dismiss pursuant to FRCP 12(b)(6) for failure to state a claim (docket # 5). Kirkland failed to file a response or to appear at the hearing on the motion. By separate Order, this court has converted Boeing's motion to dismiss to a motion for summary judgment and provided Kirkland a reasonable opportunity to respond. For the reasons set forth below, if Kirkland fails to create a genuine issue of material fact, then Boeing should be granted summary judgment.

## FINDINGS

### I. First Claim

The First Claim alleges various claims of disability discrimination in violation of the "Oregon Unlawful Discrimination Labor and Employment Act." Complaint, ¶¶ 12-18. Although not clear from the allegations, this court assumes, as does Boeing, that Kirkland seeks to allege a disability discrimination claim under ORS 659A.103 to 659A.145. Pursuant to ORS 659A.875, the statute of limitations applicable to such a claim is one year after the occurrence of the discriminatory employment practice. Kirkland alleges that Boeing discriminated against him

from late 2006 until his termination from employment on August 22, 2009.  Complaint, ¶¶ 6-9.  However, he did not file his Complaint until October 29, 2010, more than a year after his termination.  Therefore, the First Claim is time-barred.

## II. Second through Fourth Claims

Boeing seeks dismissal of the Second through Fourth Claims as preempted by § 301 of the LMRA because they cannot be resolved without interpreting the CBA.  *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 US 399 (1988).  Assuming that the LMRA applies, this court agrees with Boeing that these claims require interpretation of the CBA and, therefore, are preempted.  Preemption does not automatically result in dismissal of the claims.  However, as explained below, failure to comply with any applicable exhaustion requirements or statutes of limitation can result in summary judgment being granted.

Generally, an employee covered by a CBA may not bring a claim for breach of the CBA unless he has first exhausted all grievance and arbitration procedures mandated by the CBA.  *Rep. Steel Corp. v. Maddox*, 379 US 650, 652-53 (1965).  Despite a failure to exhaust those remedies, an employee may nonetheless obtain judicial review of his claim if he can show that the union breached its duty of fair representation.  *Vaca v. Sipes*, 386 US 171, 185-86 (1967).

Kirkland does not allege, and Boeing's supporting materials do not address, whether he exhausted the grievance procedures available under Article 24 of the CBA.  Nor does Kirkland allege a claim of breach of the duty of fair representation or name the Union as a defendant.  However, even if the court allowed him an opportunity to amend and allege any claim he might have against the Union for breach of its duty of fair representation, that claim would be time-barred under the six-month statute of limitations.  *DelCostello v. Int'l Bhd. of Teamsters*, 462 US

3 - FINDINGS AND RECOMMENDATION

151 (1983). Therefore, assuming that Kirkland does not contest that he is covered by the CBA and did not exhaust all grievance and arbitration procedures mandated by the CBA, Boeing should be granted summary judgment against the Second, Third, and Fourth Claims.

### III.  Fifth Claim

The Fifth Claim seeks to recover attorney fees under ORS 659A.885. Not only does Kirkland lack a viable claim under ORS Chapter 659A, as discussed above, but he also is not represented by an attorney and, thus, will incur no attorney fees. Therefore, Boeing should be granted summary judgment against this claim.

///

///

///

///

///

///

///

///

///

///

///

///

///

4 - FINDINGS AND RECOMMENDATION

## RECOMMENDATION

If Kirkland fails to submit any evidence contesting that he is covered by the CBA and failed to exhaust all grievance and arbitration procedures mandated by the CBA, then Boeing's Motion to Dismiss pursuant to FRCP 12(b)(6) for failure to state a claim (docket # 5), which has been converted to a motion for summary judgment, should be GRANTED, and a judgment should be entered dismissing this case with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due January 31, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED this 13th day of January, 2011.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge